# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MICHAEL MCCORMACK**　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #141771**

V.　　　　　　　　NO. 4:21-cv-01146-JM-ERE

**ANDREA CULCLAGER,** *et al*.　　　　　　　　　　　　　　　　**DEFENDANTS**

## RECOMMENDED DISPOSITION

**I**.　**Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge James M. Moody Jr. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If parties do not file objections, they risk waiving the right to appeal questions of fact. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.**　**Background:**

Plaintiff Michael McCormack, an inmate at the Tucker Maximum Unit of the Arkansas Division of Correction ("ADC"), filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. Mr. McCormack alleges that: (1) ADC Superintendent Andrea Culclager, Deputy Warden Todd Ball, Major Keyon Randle, former Major Rodney

Ford,[1] and Lieutenant Ivory McDaniels denied him the right to outdoor recreation in violation of his constitutional rights; and (2) Unit Training Supervisor Bruce Warren was deliberately indifferent to his serious mental health needs. *Doc. 2.*

Pending before the Court is Defendants' motion to dismiss Mr. McCormack's claims against them based on his failure to state a plausible constitutional claim for relief.[2] *Doc. 22.* Although Mr. McCormack previously moved to amend his complaint, which the Court granted, he has not responded to Defendants' motion, and the time for doing so has passed. *Docs. 24, 25.* For the reasons stated below, the Court recommends that Defendants' motion be GRANTED.

### III.  Discussion:

####    A.    Standard

In deciding whether Mr. McCormack has stated a plausible claim for relief, the Court must assume the truth of all factual allegations in the complaint and determine whether they "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later

---

[1] The Court previously instructed the United States Marshal to personally serve Defendant Ford. *Doc. 28.* Based on the reasons stated in this Recommendation, personal service is no longer necessary.

[2] Mr. McCormack's motion to amend his complaint did not relate to the merits of the claims raised in this case. With the exception of Defendants' argument that Mr. McCormack's claims are barred by sovereign immunity, allowing Mr. McCormack to amend his complaint did not affect this Court's analysis of Defendants' motion.

establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

### B.  Factual Background

In his complaint, Mr. McCormack alleges that from May 4, 2019, through July 30, 2019, ADC officials: (1) failed to provide him any outdoor recreation for four weeks; (2) provided him only one hour of outdoor recreation per week for six weeks; and (3) provided him 90 minutes of recreation per week for two weeks. *Doc. 2 at 3-4*. As a result of the denial of outdoor recreation, Mr. McCormack states that he suffered from depression.[3]

### C.  Analysis

In their motion, Defendants argue that: (1) they are entitled to sovereign immunity; (2) Mr. McCormack fails to state a conditions of confinement claim; and (3) he fails to state a medical deliberate indifference claim. The Court agrees.

#### 1.  Sovereign Immunity – Defendant Warren

A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).

---

[3] According to the grievance papers attached to his complaint, during the time period at issue, Mr. McCormack "made the choice to be on Restricted Housing." *Doc. 2 at 43*.

Accordingly, Mr. McCormack's claims for money damages from Defendant Warren in his official capacity are barred by sovereign immunity.[4]

### 2. Conditions of Confinement Claim

To state a claim under the Eighth Amendment based on unconstitutional conditions of confinement, Mr. McCormack must allege that Defendants Culclager, Ball, Randle, Ford, and McDaniels were deliberately indifferent to a serious health and safety need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Mr. McCormack must make a two-part showing: (1) Defendants' "conduct must objectively rise to the level of a constitutional violation . . . by depriving him of the 'minimal civilized measure of life's necessities'" *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981)); and (2) Defendants must have been deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 834. "The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. The second requirement is subjective and requires that the inmate prove that the prison officials had a 'sufficiently culpable state of mind.'" *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834).

---

[4] In his supplement to his amended complaint, Mr. McCormack clarifies that he sues Defendants Culclager, Ball, Randle, Ford, and McDaniels in their individual capacity only. *Doc. 26*.

4

### a. Objective Component

While the Constitution "does not mandate comfortable prisons," inmates are protected from "extreme deprivations." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). However, conditions must be sufficiently serious before a court is even required to examine whether prison officials acted with deliberate indifference to an inmate's health and safety. *Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

The Eighth Circuit has held that the denial of yard call "for a short period, *per se*, is *not* a constitutional violation." *Knight v. Armontrout*, 878 F.2d 1093, 1096 (8th Cir. 1989) (holding that the lack of outside recreation for thirteen days was not a constitution violation). Denying one inmate yard call for three months and restricting another inmate's outdoor exercise to ten times in a five-month period have both been found insufficient to establish Eighth Amendment violations. See *Rahman X. v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) and *Dillard v. White*, 26 F.3d 126 (8th Cir. 1994).

In his complaint, Mr. McCormack alleges that ADC officials only allowed him to participate in yard call eight times during a three-month time period. These allegations, if true, are insufficient to show that Mr. McCormack suffered an "extreme deprivation" necessary to support a constitutional violation.

### b. Subjective Component

Even assuming that Mr. McCormack has sufficiently alleged that he faced a substantial risk of serious harm to his health and safety, he has failed to allege that Defendants Culclager, Ball, Randle, Ford, or McDaniels were deliberately indifferent to any such harm. In the grievance papers attached to his complaint, Mr. McCormack claims that these five defendants violated his constitutional rights by denying him a sufficient amount of outdoor recreation. *Doc. 2 at 9, 12, 16, 20, 24, 37, 41*.

In response to his grievances, ADC officials explain that: (1) "due to limited staff, weather conditions[,] or security constraints, yard call could not be conducted" during the weeks of May 4, May 12, May 19, May 26, and June 2, 2019. *Doc. 2 at 8, 11, 14, 18, 22*; (2) ADC officials cancelled yard call specifically due to "security constraints" during the weeks of July 1 and July 8, 2019. *Id. at 32, 36*; and (3) ADC officials cancelled yard call from for the week of July 16, 2019 due to "inclement weather and security concerns." *Id. at 39*.

Mr. McCormack can prevail on his claim against Defendants Culclager, Ball, Randle, Ford, and McDaniels only if he establishes that these Defendants were deliberately indifferent to a known, substantial risk of harm. Mr. McCormack must allege and prove that these Defendants acted with a "highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017)

6

(quoting *Choate v. Lockhart*, 7 F.3d, 1370, 1374 (8th Cir. 1993)). This is a higher standard than negligence or even gross negligence. *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Based on the general allegations contained in his complaint, Mr. McCormack has failed to allege that Defendants Culclager, Ball, Randle, Ford or McDaniels were personally aware that ADC officials denied him the opportunity to engage in outdoor recreation on the dates in question.[5] These individual Defendants cannot be held responsible for the alleged unconstitutional conduct of one another or other non-party ADC officials. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); see also *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Instead, Mr. McCormack "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948.

Furthermore, even assuming that Mr. McCormack notified these Defendants about his alleged unconstitutional conditions through the ADC inmate grievance

---

[5] In his complaint, Mr. McCormack specifically states that Defendant Warren refused to notify the Warden, originally identified as Defendant Culclager, that ADC officers denied him outdoor recreation time. *Docs. 2. at 5.*

7

process, Mr. McCormack has failed to state a plausible constitutional claim for relief.[6]

Based on Mr. McCormack's grievance papers, he cannot prove that Defendants Culclager, Ball, Randle, Ford, or McDaniels acted with deliberate indifference to any known, substantial risk of harm. Rather, ADC officials provided Mr. McCormack with legitimate reasons why he was denied the opportunity to participate in yard call on the dates in question. Limited staff, weather conditions, and security constraints are valid reasons to restrict outdoor recreation. Therefore, Mr. McCormack cannot prove that Defendants acted with the requisite mental state necessary to support a deliberate indifference claim. At most, Defendants' conduct could be characterized as negligence. Therefore, Mr. McCormack has failed to state a plausible deliberate indifference claim against Defendants Culclager, Ball, Randle, Ford, or McDaniels.

    c.    **Medical Deliberate Indifference Claim - Defendant Warren**

Mr. McCormack alleges that, on July 1, 2019, after he "wrote a request to mental health to see if they could do anything about the depression [he] was experiencing . . .[,] Mental Health Counselor Bruce Warren sent [him] an

---

[6] However, the law is well-settled that participation in the grievance process, alone, is insufficient to establish liability. *Rowe v. Norris*, 198 Fed. Appx. 579, at *1 (8th Cir. 2006) (unpub. per curiam).

information packet about depression." *Doc. 2 at 4*. Mr. McCormack theorizes that Defendant Warren, by refusing to notify the Warden that ADC officers had denied Mr. McCormack outdoor recreation time, was deliberately indifferent to Mr. McCormack's mental health needs.[7] *Id. at 5*.

The "deliberate indifference to serious medical needs of prisoners constitutes 'the unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted). Medical deliberate indifference also has objective and subjective components. A prisoner must show that: (1) he suffered from objectively serious medical needs; and (2) prison officials knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). This showing requires a mental state "akin to criminal recklessness." *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). An inadvertent or negligent failure to provide adequate medical care does not amount to deliberate indifference. Negligence, even gross negligence, is not deemed "an unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

In the medical request form attached to his complaint, Mr. McCormack states that that he was "experiencing mental anguish and defamation [sic], depression, and

---

[7] This allegation plainly contradicts Mr. McCormack's position that Defendant Culclager, who he originally identified as the Warden (*Doc. 2 at 1*), knew that ADC officers denied Mr. McCormack the opportunity to participate in outdoor recreation during the time period at issue.

9

anxiety." *Doc. 2. at 42*. Based on these general allegations, Mr. McCormack has arguably not sufficiently alleged that he suffered from an objectively serious medical need. However, for purposes of this motion, the Court will continue its analysis of Mr. McCormack's medical deliberate indifference claim against Defendant Warren.

Mr. McCormack's complaint includes no factual allegations to suggest that Defendant Warren knew about Mr. McCormack's need for mental treatment before July 1, 2019, when Mr. McCormack submitted a request to "mental health." The July 1st request fails to provide any specific details about Mr. McCormack's symptoms. In responding to Mr. McCormack's request, Defendant Warren advised, "you need to start me a 6 month journal so that I can begin to monitor you." *Id*. Such conduct can hardly be described as criminally reckless. At most, Defendant Warren's conduct could be characterized as negligent.

Mr. McCormack has failed to allege sufficient facts to state a plausible medical deliberate indifference claim against Defendant Warren.[8]

---

[8] In their motion, Defendants also argue that Mr. McCormack failed to state a plausible medical deliberate indifference claim against Defendants Culclager, Ball, Randle, Ford, and McDaniels. However, based on Mr. McCormack's allegations, it does not appear that he intended to assert medical deliberate indifference claims against any Defendant other than Defendant Warren. If he did, his complaint fails to allege any facts that would even arguably support a plausible medical deliberate indifference claim against the remaining five Defendants.

## IV.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.   Defendants' motion to dismiss (*Doc. 22*) be GRANTED.

2.   Mr. McCormack's complaint be DISMISSED, without prejudice, based on his failure to state a plausible claim for relief against Defendants.

3.   The Clerk be instructed to close this case.

Dated this 11th day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE